**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                              **Plaintiff,**

          **v.**                                                    **10-CR-191A**

**RODNEY HILL, et al.,**

                              **Defendants.**
_____

## DECISION AND ORDER

          This case was referred to the undersigned by the Hon. Richard J. Arcara,

in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report

upon dispositive motions.  Dkt. #3.


## PRELIMINARY STATEMENT

          The defendant, Rodney Hill ("Hill"), along with nineteen others, is charged

in a multi-count Superseding Indictment (Dkt. #296) with alleged cocaine trafficking

through a continuing criminal enterprise and firearms offenses.  Presently pending are

Hill's non-dispositive discovery motions with respect to the Superseding Indictment.[1]

Dkt. #324.  What follows is this Court's Decision and Order with respect to those

motions.  This Court's Report, Recommendation and Order addressing defendant Hill's

_____

          [1] Also pending are defendant Hill's dispositive and non-dispositive motions
directed to the original Indictment.  Dkt. #257.  Insofar as the motions directed to the
Superseding Indictment are duplicative of the relief sought in the original motions
directed to the original Indictment, this Court will address the later filed motions (Dkt.
#324) and treat the original motions (Dkt. #257) as moot.

motion to suppress his statements, and evidence seized from 41 Connelly Avenue,

Hill's corresponding motion to dismiss Counts 9, 10 and 11 of the Superseding

Indictment and defendant Hill's request for a *Franks* hearing was separately filed on

March 13, 2012.  Dkt. #415.   This Court's Report, Recommendation and Order with

respect to Hill's motion to dismiss the Superseding Indictment on the basis of Speedy

Trial Act violations and violations of the Sixth Amendment right to a speedy trial, motion

to dismiss Counts 1, 3 and 8 of the Superseding Indictment, motion to suppress wiretap

evidence and motion to sever was separately filed on March 16, 2012.  Dkt. #420.


## FACTS

Incorporated by reference herein are the facts set forth in this Court's two

previously filed Reports, Recommendations and Orders (Dkt. ##415 and 420).


## DISCUSSION AND ANALYSIS

**Bill of Particulars**

Defendant Hill seeks a bill of particulars with respect to Counts 3 and 8 of

the Superseding Indictment so as to enable him to respond to any cross-motion by the

government concerning an alibi defense.  Dkt. #324-2, p.20.  More specifically,

defendant Hill requests:

> 1) set forth and describe with particularity the manner by
> which the Government will claim that defendant Rodney Hill
> combined and conspired or agreed with any of the co-
> defendants or co-conspirators (with separate particulars for
> each conspiracy charge);

> 2) set forth the precise time of occurrence of any alleged
> unlawful acts attributed to defendant Rodney Hill.

*Id*. at p.21.  In its response, the government asserts, "[i]n effect, the defendant seeks a

bill of particulars regarding the development of the conspiracy, and the defendant's role

at each stage."  Dkt. #383, p.4.  In addition, the government states,

> [i]t should also be noted that the Indictment and
> Superseding Indictment were preceded by a 281 page
> criminal complaint, which criminal complaint provides a great
> deal of detail as to the instant charges and the defendant's
> conduct encompassed by this indictment.  Many of the
> particulars sought by the defendant could be derived simply
> by reading the criminal complaint which preceded this
> indictment.

*Id*. at p.5.  In addition to the foregoing, the government asserts that it should not be

required to furnish particulars relating to the formation of a conspiracy, including when

and how it was formed and when a particular defendant joined, because such details

need not be proven at trial.  Finally, the government states,

> [b]ecause the defendant will have full discovery, exculpatory
> and impeachment material, a witness list, exhibit lists,
> including 3500 materials, well in advance of the trial, he will
> not be surprised by the evidence against him or be subject
> to future jeopardy in a way he [sic] might otherwise justify
> ordering any of the particulars that he requests.

*Id*.

It has become axiomatic that the function of a bill of particulars is to

apprise a defendant of the essential facts of the crime for which he has been charged.

*United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S.

985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the

Superseding Indictment, along with the 281 page affidavit filed in support of the

Criminal Complaint, and the discovery materials provided by the government, clearly

inform the defendant of the essential facts of the crimes charged.  As a result, the

defendant is not entitled to, nor is he in need of, the "particulars" being sought for that

purpose.  Accordingly, defendant's request for a bill of particulars is denied.

> A bill of particulars should be required only where the
> charges of the indictment are so general that they do not
> advise the defendant of the specific acts of which he is
> accused."  *United States v. Feola*, 651 F. Supp. 1068, 1132
> (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert.
> denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72
> (1989); *see also United States v. Leonelli*, 428 F. Supp. 880,
> 882 (S.D.N.Y. 1977).  "Whether to grant a bill of particulars
> rests within the sound discretion of the district court."  *United
> States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing
> *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.),
> *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474
> (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d
> [572] at 574 [(2d Cir. 1987)].  "Acquisition of evidentiary
> detail is not the function of the bill of particulars."  *Hemphill
> v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393
> U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v.*

*Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v.*

*Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct.

1690 (2008).


**Discovery**

As a threshold matter, defendant Hill notes that he previously sought

discovery and inspection pursuant to Rule 16(a)(A)-(E) of the Federal Rules of Criminal

Procedure, including any statements of defendant Hill, government agents and/or co-

conspirators, statements obtained by the use of electronic surveillance, and copies of

all statements made to government agents or prosecutors by co-defendants.  Dkt.

#324-3, ¶ 3, By his motion, defendant Hill seeks further discovery of:

> physical evidence, identification evidence, scientific tests,
> the criminal history of defendant Hill, and information the
> government plans to offer as evidence of prior or
> subsequent criminal bad acts or uncharged crimes of
> defendant Hill, and information with respect to expert
> witnesses whom the government intends to call at trial.  In
> addition, defendant Hill requests informant information in
> connection with separate detailed discovery requests for
> <u>Brady</u> materials and information with respect to sentencing
> factors.

*Id*. at ¶ 4.  The defendant does, however, acknowledge that the government has

provided some materials to all defense counsel, and in his motion, defendant Hill

specifically references the December 16, 2009 search warrant and search warrant

application and affidavit of Federal Bureau of Investigation Special Agent Vanessa

Paris, portions of the Verified Complaint for Forfeiture verified on June 24, 2010, and

certain of the Title III wiretaps previously disclosed.  Dkt. #324-3, ¶ 5.


> In its response, the government states,

> [s]ince the date of the indictment, the United States has
> complied, and intends to comply, with the requirements of
> Rule 12 and 16.  To that end, the United States provided
> comprehensive voluntary discovery in both the Indictment
> and Superseding Indictment portions of this case.  On July
> 16, 2011, in accordance with the Court's scheduling order,
> the Government provided a complete set of digitized CDs to
> each defendant's attorney, which included all evidence in
> the Government's possession to which the defendant's were
> entitled under Rule 12 and Rule 16.  In addition, all physical

> evidence recovered in connection with this investigation is,
> and has been, available for inspection by the defendant's
> attorney. . . . The government will continue to comply with its
> continuing duties to disclose set forth in Rule 16(c).  The
> government herein notifies the defendant that it may
> introduce all of this evidence at trial.  Expert disclosures and
> expert summaries will be provided as expert witnesses who
> will testify at trial are identified by the government.

Dkt. #383, pp.6-7.  In a separate response concerning expert witnesses, the

government adds that, "we expect to provide fuller disclosure of expert forensic

chemists' credentials and methods used during chemical analyses in support of expert

opinions.  The government will also supply the name and qualifications of government

law enforcement experts relating to vague/coded language, and firearms.  The

government reserves the right to offer the testimony of other expert witnesses.  If the

government decides to use such an expert witness, it will fully comply with

Fed.R.Crim.P. Rule 16(a)(1)(G) and Fed.R.Evid. 702, 703, and 705."  *Id*. at p.27.

Finally, the government states that it believes that it is in full compliance with Rules 12

and 16 of the Federal Rules of Criminal Procedure.  *Id*. at p.7.


Based on the government's representations concerning what has already

been disclosed and what will be disclosed and the government's awareness of its

ongoing discovery obligations, the defendant's requests are denied as moot.


**Exclusion of Statements of Co-Conspirators**

Citing *Bruton v. United States*, 391 U.S. 123 (1968), *Crawford v.*

*Washington*, 541 U.S. 36 (2004) and the Sixth Amendment to the United States

Constitution, defendant Hill states that he previously requested the disclosure of statements by co-defendants and/or co-conspirators and by his motion reiterates his request and further requests a hearing with respect to the admissibility of those statements.  Dkt. ##324-2, pp. 15-18 and 324-3, ¶ 9.  In support of this request, the defendant argues that he expects the government will offer alleged statements of co-defendants or alleged co-conspirators concerning the alleged continuing criminal enterprise and conspiracies charged in Counts 1, 3 and 8 of the Superseding Indictment.  Dkt. #324-2, pp.15-16.  Defendant Hill further argues that statements made by co-defendants which were not made in furtherance of the alleged conspiracy or were made after the termination of the alleged conspiracy cannot be admitted into evidence against him.  *Id*. at pp.17-18.

In its response, the government opposes the defendant's request for the early disclosure of statements of co-conspirators and also opposes the request for a pretrial hearing on the admissibility of such statements.  As a threshold matter, the government argues that statements of co-conspirators made in furtherance of a conspiracy are specifically excluded from the definition of hearsay and would be admissible as admissions of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(E).  In addition, the government states,

> [c]ertainly the United States will proffer evidence in support
> of the admission of out-of-court co-conspirator statements at
> the time designated by the trial court for a proffer.  Because
> defendants [sic] offer no legal authority or practical
> justification for an early proffer, or for early discovery of
> hearsay statements that may be used during a proffer in a
> Rule 104(a) ruling that a statement is admissible as a co-

> conspirator statement pursuant to Rule 801(d)(2)(E), their
> motions that seem to seek an order requiring such discovery
> and disclosure should be denied.  In any event, the
> government expect [sic] that denial of defendants' motions
> will not prejudice them.  We expect that there will be timely
> disclosure of documents and § 3500 material, which will be
> more than sufficient to support a preliminary finding of a
> foundation for admission of any co-conspirator statement
> pursuant to a schedule to be set by the trial court.  It should
> be noted the defendant has been provided with hundreds of
> recorded phone calls, hundreds of documents, and the
> instant indictment was preceded by a 281 page criminal
> complaint which described, in substantial detail, many
> aspects of the case against this defendant.  As a result, any
> claim that the defendant does not have adequate notice of
> such information to prepare for trial simply lacks merit.

Dkt. #383, pp.28-29.


Because Rule 801(d)(2)(E) of the Federal Rules of Evidence does not contain a required pretrial notice, there is no requirement on the part of the government to make any such disclosure of this type of evidence at this time.  As a result, defendant's request in this regard is denied.  Any request to exclude such statements at the trial, is a matter left to the discretion of the trial judge.


### *Brady* Material

Defendant's request concerning Brady material simply seeks an order confirming the government's continuing duty to provide exculpatory materials in a timely manner.  Dkt. #324-2, p.21.  In its response, the government treated the defendant's request as one for *Brady* and *Giglio* material.  In its response the government states,

> [d]efense counsel has also requested the production of any
> Brady/Giglio material in the government's possession.  This

> request is unnecessary, as the government acknowledges
> its affirmative and continuing duty to produce exculpatory
> evidence and evidence the defense might use to impeach
> the government's witnesses. . . . Here, the government
> agrees to provide impeachment material, i.e., promises of
> leniency or immunity agreements with government
> witnesses, plea and/or non-prosecution agreements and
> letters or memorandum of understanding regarding such,
> criminal arrest records of all prosecution witnesses, immoral,
> vicious or criminal acts committed by witnesses, prior
> inconsistent statements, and payments to witnesses or
> family members thereof, and all other promises or
> considerations given by government personnel to
> government witnesses or family members thereof.  Such
> production shall occur according to the schedule set by the
> Court prior to trial and no later than when the government
> produces any Jencks Act material.

Dkt. #383, pp.8-9.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id.*

at 144.  With respect to impeachment material that does not rise to the level of being

*Brady* material, such as *Jencks* statements, the prosecution is not required to disclose

and turn over such statements until after the witness has completed his/her direct

testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d

283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such

materials over to the defendant prior to trial, the government shall comply with that

policy; or in the alternative, produce such materials in accordance with the scheduling

order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Rule 404(b), 608 and 609 Material**

By this request, the defendant seeks the "restriction of evidence pursuant to Rule 404(b) and 607-609 of the Federal Rules of Evidence."  Dkt. #324-3, ¶ 9.   In its response, the government states that,

> [d]efendant has also requested notice of evidence the government will seek to introduce pursuant to Federal Rules of Evidence 404(b), 608 and 609.  The government will advise of its intent to use "other acts" evidence pursuant to Fed.R.Evid. 404(b), or evidence pursuant to Fed.R.Evid. 608(b) and 609, at the time it is ordered to do so, which, the general custom in this District is two to four weeks prior to trial together with <u>Jencks</u> material, as ordered by the trial judge.

Dkt. #383, pp.9-10.

Rule 404(b) only requires that "the prosecution. . . provide reasonable notice in advance of trial. . . of the *general* nature of any such evidence it intends to introduce at trial." (Emphasis added).  Insofar as the government has indicated that it intends to comply with any pretrial disclosure order entered by the trial judge and further, that it understands its disclosure obligations, defendant's request is denied as

moot.  The Court notes that the issue of admissibility of such evidence pursuant to

Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the determination

of the trial judge at the time of trial.  Accordingly, the defendant's request for an Order

with respect to admissibility of such evidence is denied.

        With respect to the defendant's request pursuant to Rule 608, Rule 608

does not contain the same pretrial notice as set forth in Rule 404(b).  Therefore, there is

no requirement on the part of the government to make any disclosure of evidence, or its

intent to use evidence at the trial pursuant to Rule 608 at this time.  Therefore,

defendant's request in this regard is denied.  With respect to the defendant's request

pursuant to Rule 609, based on the representations made by counsel for the

government, defendant's request is denied as moot.  The government is hereby

reminded that should the government learn of evidence of other crimes, wrongs and

acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609

(impeachment material) during the trial, the government is hereby directed to provide

such information consistent with its disclosure of *Jencks* material and the disclosure

requirements set by the trial judge in advance of the trial.

**Grand Jury and *Jencks* Act Material**

        By this request, the defendant seeks the early disclosure of grand jury

testimony and *Jencks* Act material.  Dkt. #324-2, pp.18-19.  Specifically, defendant Hill

states he needs the requested testimony and statements "to determine which acts or

statements of the various defendants are alleged to support the Government's charges.

Access to this testimony by the defendant will greatly facilitate preparation for trial and

expedite the cross examination of the Government witnesses at trial." *Id*. at p.19.  In

the alternative, defendant Hill asks that this Court order that the requested statements

and grand jury testimony be transcribed and made available to defendant Hill not less

than 30 days prior to trial.  *Id*. at pp.19-20.

   With respect to defendant Hill's request for *Jencks* Act material, the

government states,

> [t]o the extent not already provided, the government will
> disclose written witness statements and investigative agency
> or police department memoranda of witness interviews no
> later than two weeks prior to trial, as is customarily ordered
> in this District.   . . . The government declines to provide
> statements and the identities of persons interviewed who will
> not be called to by the government.

Dkt. #383, p.10.

   As noted above, with respect to impeachment material that does not rise

to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not

required to disclose and turn over such statements until after the witness has

completed his direct testimony.  *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re*

*United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a

policy of turning such materials over to the defendant prior to trial, the government shall

comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government, that it will comply with the trial judge's pretrial order concerning the disclosure of witnesses' statements, the defendant's request is denied.  Notwithstanding the foregoing, the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

By this request, the defendant also seeks an Order pursuant to Rule 6(e)(3)(C)(I) of the Federal Rules of Criminal Procedure for the disclosure of the transcripts of the testimony and all exhibits presented to the Grand Jury that indicted the defendant.  Dkt. #324-2, pp.18-20.  With respect to defendant Hill's request for grand jury transcripts, the government opposes this request claiming that defendant Hill's articulated need, *to wit*: preparation of his defense, lacks merit.  Dkt. #383, pp.10-13.  In its response, the government relies on the well-settled case law that requires a showing of particularized need sufficient to outweigh the general policy of grand jury secrecy.  More specifically, the government argues,

> [i]n the instant case, the defendant has provided no basis for disclosure of Grand Jury transcripts beyond conclusory claims that certain conversations involving the defendant are clearly not drug related and that the Grand Jury transcripts are necessary in order to prepare a defense.  Given the

> voluminous discovery provided, the preceding 281 page
> criminal complaint, and the recorded conversations
> provided, the defendant has more than sufficient information
> to prepare a defense.  The defendant has not made any
> showing of governmental misconduct, and the defendant's
> motion is void of any specific allegations of governmental
> misconduct which would justify disclosure of Grand Jury
> transcripts.

Dkt. #383, pp.12-13.


It is a long-established rule that "[t]he burden. . . is on the defense to show

that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the

policy of secrecy."  *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400

(1959).  Here, the assertion of the defendant as to his "particularized need" is legally

insufficient to require disclosure of the grand jury proceedings as requested by him.  It

is pointed out that transcripts of grand jury testimony of witnesses called by the

government to testify at trial must be made available to the defendant pursuant to and

in accordance with the provision of 18 U.S.C.  § 3500.  It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).  Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).  Therefore, defendant's request for

disclosure of the grand jury proceedings is denied.

**Search Warrants and Electronic Surveillance Warrants**

As noted above, the defendant has conceded that the government has disclosed the December 16, 2009 search warrant and search warrant application. In his motion, defendant Hill seeks "further discovery of Title III wiretap surveillance logs to supplement information provided regarding wiretap surveillance of what are purported to be Mr. Hill's telephone calls. Dkt. #324-3, ¶ 5.

In its supplemental response to defendant Hill's motions, the government states,

> [a]s the Government has indicated previously, all Title III Applications, Affidavits and Orders were previously turned over with voluntary discovery on July 26, 2011. A review of your affiant's notes from the December 14, 2011 oral argument indicate that the only other items mentioned by defense counsel as "missing," or not turned over, were the monitoring agents notes made contemporaneous to the interception of communications, and 10-day reports. With respect to the former, a review of the CD discs which comprised the voluntary discovery to all counsel on July 26, 2011, shows that these monitoring agents "notes" are contained therein, and are located on the disc as a file adjacent to the actual audio file for the call. . . . As for 10-day reports, the Government does not believe these were provided separately; that is, the 10-day reports were compiled from the monitoring agents' notes previously provided, however the report itself is not believed to have been included in prior discovery. Without conceding their discoverability as a separate document (they are probably <u>Jencks</u> of a trial witness, if called), the Government will be willing to provide the 10-day reports to any counsel who contact your affiant to indicate they want them.

Dkt.#390, pp.13-14. Moreover, as late as March 8, 2012, counsel for the government advised the Court that it was continuing to work on the defendant's request for

disclosure of the ten-day reports.  Accordingly, based on the foregoing and based on

the representations made by counsel for the government that disclosure of the actual

ten-day reports is forthcoming, defendant's request is denied as moot.


**Disclosure of Informant Information**

The defendant requests the disclosure of "informant information," which

based on defendant Hill's formal discovery request previously submitted to the

government and attached to the instant motion requests the following:

> [p]ursuant to United States v, Giglio, supra, Napue v. Illinois,
> supra, McCray v. Illinois, 386 U.S. 300 (1967), please state:
>
> a) whether any Government informant is alleged to have
> participated in any of the acts alleged herein, and, if so,
> provide the names and addresses of any and all such
> persons;
>
> b) whether any Government informant is alleged to have
> been present during any of the acts alleged herein, and, if
> so, provide the name and address of any and all such
> persons;
>
> c) whether any informant has provided to the Government
> any information which led to the arrest of defendants; . . .

Dkt. #324-4, pp.8-9.  In addition, defendant Hill further requested information

concerning whether any informant identified has a criminal record, whether the

informant was paid, whether the informant has any cases pending elsewhere, and

whether there are any agreements between the informant and the government.  *Id*.


The government's response fails to address defendant Hill's request for

informant information.   *See* Dkt. #383.  In order to be entitled to the requested

-16-

information, the defendant must sufficiently state a basis for requiring the disclosure of

this information or that the testimony of the informant would be of even marginal value

to the defendant's case. Moreover, the Court notes that the holding of the Court of

Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988),

*cert. denied*, 489 U.S. 1089 (1989), is instructive:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
> > [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).
>
> The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir.

1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identity or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lilla*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jiminez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir.), *cert. denied*, 522 U.S. 976 (1997). Neither defendant Hill's motion nor his initial request to the government sets forth any basis to support the release of the requested information. Without more, the Court finds that the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or that the testimony of the informant would be of even marginal value to the defendant's case. Accordingly, defendant's request is denied without prejudice.

-18-

**Preservation of Rough Notes**

Defendant Hill also seeks an Order from this Court requiring

all government agents and officers who participated in this investigation to retain and

preserve all rough or handwritten notes taken as part of their investigation.  Dkt. #324-3,

p.3.  The government did not respond to this request.  *See* Dkt. #383.


Although perhaps unnecessary, the government is reminded of its

obligation and the express admonition of the Court of Appeals for the Second Circuit

bears repeating in addressing this particular request of the defendant wherein the Court

stated:

> [W]e will look with an exceedingly jaundiced eye upon future
> efforts to justify non-production of a Rule 16 or Jencks Act
> "statement" by reference to "departmental policy" or
> "established practice" or anything of the like.  There simply is
> no longer any excuse for official ignorance regarding the
> mandate of the law.  Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . .   We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

**Sentencing Factors**

There is no legal requirement that a defendant be provided with "sentencing guideline" calculations prior to trial.  *United States v. Williams*, 977 F.2d 866, 871 (4th Cir. 1992).  It is also pointed out that in this District, a defendant is provided with a preview of the Pre-Sentence Investigation Report in advance of sentencing, and the factors to be considered in arriving at a sentence are already available to the defendant.  Therefore, this request is denied.

**Motion for Leave to Join in Motions Filed by Co-defendants**

The defendant seeks to join in any motion filed by any of his co-defendants. Dkt. #359, p.9.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

**Leave to File Additional Motions**

By this request, defendant Hill requests "leave to file additional motions based on any new information disclosed by the government pursuant to the court's direction, or pursuant to the government's continuing duty to disclose Brady or other

material to the defendant." Dkt. #324-3, ¶ 10.  In his supplemental motion, the

defendant again seeks permission to file additional motions, "as appropriate, raised as

a result of information obtained through further discovery or hearings ordered by the

court." Dkt. #359, p.9.  Subject to the limitations contained in the aforesaid quotations,

the defendant's requests to make further and additional motions that may be necessary

are granted.


**Government's Request for Reciprocal Discovery**

In addition to the relief requested by the defendant, the government has

made a request for reciprocal discovery.  Dkt. #383, p.33.  The government has

requested that the defendant permit it to inspect and copy all books, papers,

documents, photographs and other tangible objects which the defendant intends to

introduce as evidence-in-chief at the trial.  In addition, the government seeks to inspect

all reports of physical or mental examinations and of scientific tests or experiments,

within the possession or control of the defendant along with written summaries of expert

witness testimony that the defendant intends to use at trial.  Since the defendant has

moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to

Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order  in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order),**

**may result in the District Judge's refusal to consider the objection.**

DATED:      Buffalo, New York
            March 16, 2012


                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**